UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-1886

FRANK X. LOSACCO,

Plaintiff, Appellant,

v.

F.D. RICH CONSTRUCTION CO., INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Frank H. Freedman, U.S. District Judge]

Before

Breyer, Chief Judge,

Torruella and Boudin, Circuit Judges.

Paul F. Kelly, with whom Shelley B. Kroll, and Segal,

Roitman & Coleman, were on brief for appellant.

Lewis G. Schwartz, with whom Gary S. Klein, and Schatz &

Schatz, Ribicoff & Kotkin, were on brief for appellee.

May 10, 1993

TORRUELLA, Circuit Judge. At trial, appellant claimed

that appellee ended his employment improperly. The jury

determined that appellant was terminated for just cause and

therefore found no violation of his employment contract.

Appellant now claims that the district court gave the jury an

erroneous instruction as to "just cause" and wrongly excluded

admissible relevant evidence at trial. Appellant thus asks this

court to vacate the judgment and order a retrial. Because we

find no error in the district court's instructions or evidentiary

rulings, we do not grant appellant his requests.

THE FACTS

Appellant is a structural engineer with an expertise in

pre-cast concrete construction. He worked as a consultant on

matters involving pre-cast concrete at appellee's Stamford,

Connecticut headquarters. Appellee soon determined that it would

be more profitable to make pre-cast products instead of buying

them from outside vendors. The company thus set up a factory

for this purpose in Pittsfield, Massachusetts and hired appellant

to manage it.

The details of the employment contract are in sharp

dispute. Appellant contends that he agreed to manage the

Pittsfield facility for a minimum of three years, in exchange for

salary and benefits including housing in Pittsfield for the three

year term. Appellee, on the other hand, contends that appellant

was an at-will employee, as were all other employees of the

company. In any event, appellant began work in Pittsfield in

-2-

August, 1987.

In October 1987, the company's senior managers visited

the plant, announced its immediate closure, and terminated all

employees, including appellant. Appellant claims that appellee

closed the plant to thwart union activity. Appellee, however,

contends that it decided to close the plant because the sharp

downturn in the Northeast real estate market affected its

construction projects. Appellee also claimed that appellant's

performance was inadequate.

Appellant sued, claiming that appellee was bound by

contract to employ him for three years. Appellee responded that

no contract was formed, but that even if one existed, the

termination was for "just cause" and therefore proper under

Massachusetts law. During the trial, appellant attempted to

cross-examine a former supervisor about testimony at a National

Labor Relations Board hearing to the effect that there was plenty

of work at the plant. The hearing occurred shortly before the

plant's closing. The district court judge disallowed this

questioning, finding it beyond the scope of direct examination,

and more prejudicial than probative.

At the close of evidence, the district court instructed

the jury that if a contract existed, termination for "just cause"

would be proper. The district court judge defined "just cause"

as 1) poor performance by appellant on the job or 2) a good faith

determination that the economic needs of the business required

appellant's discharge. During deliberations, the jury asked the

-3-

judge to repeat its definition of "just cause." The jury finally

found that a contract for fixed-term employment existed between

the parties, but that "just cause" allowed appellee to fire

appellant. This appeal followed in which appellant seeks a

retrial on only the breach of contract claims.

DISCUSSION

Appellant urges two errors in the jury instruction.

First, he contends that the instruction does not reflect the law

in Massachusetts as to the definition of just cause. Second, he

claims that the instruction improperly invaded the province of

the jury, by settling a question of fact, in violation of

Massachusetts law. As appellant claims that the jury instruction

incorrectly stated Massachusetts contract law, we review it de

novo. Salve Regina College v. Russell, 111 S. Ct. 1217 (1991)

(mandating de novo review of a district court's state law

determinations).

The suspect instruction reads as follows:

An employer has just cause to discharge
an employee if, one, there is a
reasonable basis for employer
dissatisfaction with an employee, for
reasons such as lack of capacity or
diligence, failure to conform to usual
standards of conduct, or other culpable
or inappropriate behavior. Or two, the
discharge is reasonably related, in the
employer's honest judgment, to the
economic needs of his business.

The district court derived this instruction almost verbatim from

a duo of Massachusetts cases, Goldhor v. Hampshire College, 521

N.E.2d 1381, 1385 (Mass. App. Ct. 1988), and Klein v. President

-4-

and Fellows of Harvard College, 517 N.E.2d 167, 169 (Mass. App.

Ct. 1987). Although those cases stated the entire just cause

definition, they focussed on the first prong, holding that the

employee either did or did not meet the performance standard.

Because the holdings did not invoke the second prong of the

definition, appellant argues that the economic needs standard is

not a part of Massachusetts law but rather dicta by intermediate

state courts. As such, it cannot support a jury instruction.

We disagree. When the highest state court has not

issued a definitive ruling on the precise issue at hand, the

federal courts may refer to analogous decisions, considered

dicta, scholarly works, or other reliable sources to ascertain

how the highest court would rule. Redgrave v. Boston Symphony

Orchestra, Inc., 855 F.2d 888, 903 (1st Cir. 1988) (en banc),

cert. denied, 488 U.S. 1043 (1989). The decisions of

intermediate state appellate courts are trustworthy data for

ascertaining state law. CPC International, Inc. v. Northbrook

Excess & Surplus Insurance Co., 962 F.2d 77, 91 (1st Cir. 1992).

The Massachusetts Supreme Judicial Court has not

answered the precise issue at hand -- whether an employer may

terminate a fixed-term employee due to economic considerations.

The plaintiffs in Goldhor and Klein were fixed-term employees and

therefore similarly situated to appellant. As such, the

considered dicta in those cases concerning terminations due to

economic necessity represents a reliable statement of the law in

Massachusetts. The district court did not err in relying on it.

-5-

There is no indication that the highest court of Massachusetts

would define just cause any differently.

To the contrary, we note that Massachusetts courts have

defined just cause, or similar language, in a virtually identical

manner in other contexts. Goldhor and Klein derived the

definition of just cause from G & M Employment Service, Inc. v.

Commonwealth, 265 N.E.2d 476 (Mass. 1970). In that case, the

highest court in Massachusetts defined just cause for the

purposes of a statute regulating private employment agencies.

The court's definition in that case was the direct precursor to

the definition used in Goldhor and Klein. Other Massachusetts

cases validating premature terminations due to economic need

include Amoco Oil Co. v. Dickson, 389 N.E.2d 406 (Mass. 1979)

(franchise agreement) and Karcz v. Luther Manufacturing Co., 155

N.E.2d 441 (Mass. 1959) (collective bargaining agreement). See

also Foreign Motors, Inc. v. Audi of America, Inc., 755 F. Supp.

30 (D. Mass. 1991) (franchise agreement). Appellant has directed

us to, and we have found, no cases involving just cause which

prohibit economically-motivated terminations. Given the weight

of authority, we believe that the jury instruction, taken from

Goldhor and Klein, correctly set forth Massachusetts law.

Appellant's second attack on that instruction claimed

that the instruction improperly invaded the province of the jury.

Consistent with the law on economically-based discharges,

however, the jury could decide whether appellee made an honest

business judgment to close the plant. Appellant cannot contend

-6-

that the parties contemplated just cause to have a different

meaning in this context because there was no evidence indicating

the existence of such an alternate meaning. The court thus

properly relied on the implied Massachusetts definition. We

decline appellant's invitation to remand the case for retrial or

to certify the state law question due to the jury instruction.

We turn now to appellant's arguments concerning the

exclusion of certain evidence. Appellant sought to cross-examine

a witness to show that there was plenty of work at the plant

shortly before its closing. Appellant hoped that an officer of

appellee would relate testimony from an NLRB hearing to this

effect. To elicit this testimony, appellant asked "[i]t was a

matter of some concern to you that the employees were going to

organize, wasn't it?" Appellee promptly objected to the

relevance of the question, and the judge held a bench conference.

Appellant there indicated that he wished to elicit the testimony

concerning the amount of work at the plant. The district court

excluded the testimony because the supervisor did not testify on

direct as to the motivation behind the plant closing or the

economic woes troubling the company.

We review a district court's evidentiary rulings only

for abuse of discretion, e.g., Willhauck v. Halpin, 953 F.2d 689,

717 (1st Cir. 1991), and the district court did not commit such

abuse in this instance. The new line of questioning sought to

establish that the plant was not closed for honest business

reasons. The witness, however, did not testify as to the

-7-

motivation for the company's action on direct examination. The

district court therefore properly refused to entertain the new

line of questioning pursuant to Fed. R. Evid. 611(b).

Of course, trial judges, within their discretion, may

disregard Rule 611(b). Fed. R. Evid. 611(b). We cannot say,

however, that the district court's decision to follow the rule

constitutes an abuse of discretion. The district court

reasonably believed that the question threatened prejudice in

that it would ascribe an unfair anti-union animus to appellee.

Even if appellant sought to show that the plant closing was

motivated by such animus, this single question supported by

minimal explanation or proffer cannot overcome Rule 611(b).

Appellant should have presented a more coherent rationale for

pursuing the questioning, or revived the questioning when a

witness testified as to such motivation.

Because we have found no cause to remand the case for a

new trial, we need not address whether that trial should be

limited to the breach of contract issues or should encompass all

issues in the case.

Affirmed.

-8-